UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD JACK HARDY,

                Petitioner,

v.

RON HAYNES,

                Respondent.

CASE NO. 3:20-cv-05898-JCC-JRC

REPORT AND RECOMMENDATION

NOTED FOR: January 8, 2021

      The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura.

      Petitioner Richard Jack Hardy seeks 28 U.S.C. § 2254 habeas relief from his conviction by jury verdict of four counts of first-degree rape of a child. Dkt. 3; 8, Exhibit 8, 9. Petitioner raises one ground for relief: whether he was denied his constitutional right to proper venue. Dkt. 3. Respondent argues that petitioner has failed to state a federal constitutional ground for relief. Dkt. 7. Petitioner did not file a traverse.

REPORT AND RECOMMENDATION - 1

Petitioner's sole habeas claim, that his right to proper venue was violated, only implicates a state constitutional right, not a right under the United States Constitution. Since habeas relief is only available under the United States Constitution, petitioner has failed to state a claim upon which relief may be granted. Therefore, the Court recommends that his petition be denied. The undersigned also recommends denying the issuance of a certificate of appealability.

## **BASIS FOR CUSTODY AND FACTS**

Petitioner was convicted by jury verdict in Pierce County of four counts of first-degree rape of a child based on his sexual abuse of E.E., his former girlfriend's daughter, between 2002 to 2008 when E.E. was between 6 and 12 years of age. Dkt. 8, Exhibit 8, 9. The jury also found by special verdict that petitioner had used his position of trust or confidence to facilitate the commission of the crimes. *Id.* On April 27, 2017, petitioner was sentenced to an indeterminate sentence of 380 months to life imprisonment, with lifetime community custody. Dkt. 8, Exhibit 8 (judgment and sentence).

A recitation of the facts giving rise to the conviction are not relevant to this recommendation and will not be reiterated here. It is undisputed that the crimes giving rise to the charges occurred in Pierce County and one incident occurred in King County, Washington. Petitioner was tried, convicted, and sentenced in Pierce County. Dkt. 8, Exhibits 8, 9.

The Washington Court of Appeals summarized the trial proceedings concerning the issue of venue. Dkt. 8, Exhibit 13 at 5-7. After the jury was empaneled in Pierce County, the trial court addressed the State's motion to admit evidence of petitioner's 1993 child rape conviction, which the State argued should be admitted as evidence of a common scheme or plan. In response, petitioner suggested that the King County incident could not be the subject of a conviction because of "venue issues." Dkt. 8, Exhibit 13 at 5-7 (citing 4 VRP at 474). The trial court denied

1  the State's motion to admit evidence of petitioner's 1993 child rape conviction, ruling that there
2  were not substantial similarities between the 1993 case and the case involving the E.E. between
3  2002 and 2008. *Id.* The trial court did not address petitioner's earlier remarks regarding venue.
4  Petitioner never sought to change venue for the charge arising from the King County incident.
5  Dkt. 8, Exhibit 13 at 5-7.

## DISCUSSION

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d). Further, a determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

In the sole ground for relief, petitioner argues that his constitutional right to proper venue was violated with respect to count four when: (1) the trial court abused its discretion by failing to address the venue issue raised by the defense; (2) the trial court abused its discretion by failing to instruct the jury that it must find by a preponderance of the evidence that the offenses were committed in Pierce County; and (3) petitioner was denied his right to venue and to have his case tried in the county where the offenses were alleged to have been committed. Dkt. 3 at 5. Respondent concedes that petitioner exhausted his habeas claim, however, respondent argues that petitioner's claims fail on the merits. Dkt. 7 at 7-9.

1    The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall

2 enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein

3 the crime shall have been committed, which district shall have been previously ascertained by

4 law" U.S. Const. amend VI. The Supreme Court has indicated that federal habeas relief is

5 available when a conviction is void for lack of jurisdiction in the trial court. *See e.g. Frank v.*

6 *Mangum*, 237 U.S. 309 (1915); *Keizo v. Henry,* 211 U.S. 146  (1908).

7    However, the Supreme Court has also made clear that "[i]t is not the province of a federal

8 habeas court to reexamine state-court determinations on state-law questions. In conducting

9 habeas review, a federal court is limited to deciding whether a conviction violated the

10 Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68

11 (1991). Thus, a "[d]etermination of whether a state trial court is vested with jurisdiction under

12 state law is a function of the state courts, not the federal judiciary." *Wills  v. Engler,* 532 F.2d

13 1058, 1059 (6th Cir. 1976); *Langford v. Day,* 110 F.3d 1380, 1389 (9th Cir. 1996) ("We accept a

14 state court's interpretation of state law, ... and alleged errors in the application of state law are not

15 cognizable in federal habeas corpus."). The habeas statute unambiguously provides that "a

16 federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in

17 violation of the Constitution or laws or treaties of the United States.' " *Wilson v. Corcoran*, 562

18 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)).

19    Washington state law provides that a criminal defendant has the right to have a speedy

20 and public trial by an impartial jury "of the county in which the offense is charged to have been

21 committed[.]" Wash. Const. art. I, § 22. Proper venue, however, "is not an element of the crime,

22 but is a matter of [] determining the proper forum before which a defendant may be tried." *State*

23 *v. Dent*, 123 Wash. 2d 467, 478 (1994) (quoting *State v. Hardamon,* 29 Wash.2d 182, 188

24

REPORT AND RECOMMENDATION - 4

1    (1947)). The right to challenge venue is "strictly time limited": venue is a state constitutional
2    right that is waived if not asserted before jeopardy attaches—when the jury is sworn. *Dent*, 123
3    Wash. 2d at 479-80 (citing CrR 5.1(c)). *See State v. Pejsa*, 75 Wash. App. 139, 145 (1994)
4    (defendant waived his challenge to venue by waiting until the end of the State's case to present
5    it); *State v. Harris*, 48 Wash. App. 279, 282-83 (1987) (same).

6    Petitioner contends, as he did before the Washington Court of Appeals, that he was
7    denied his constitutional right to have his case tried in the King County, where the offenses
8    in count four were alleged to have been committed. *See* Dkt. 3. But that is a state venue
9    law, not a federal jurisdictional issue. The Washington Court of Appeals interpreted state
10   law and concluded that petitioner's venue challenge was without merit. Dkt. 8, Exhibit 13
11   at 5-7. "[A] state court's interpretation of state law, including one announced on direct
12   appeal of the challenged conviction, binds a federal court sitting in habeas corpus."
13   *Bradshaw v. Richey*, 546 U.S. 74 (2005); *Wills v. Engler,* 532 F.2d 1058, 1059 (6th Cir.
14   1976) ("[d]etermination of whether a state trial court is vested with jurisdiction under state
15   law is a function of the state courts, not the federal judiciary."). A state appellate court's
16   ruling that a state trial court had authority to hear a case as a matter of state law conclusively
17   establishes jurisdiction for purposes of federal habeas review. *Horton v. Mayle,* 408 F.3d
18   570, 577 (9th Cir. 2005).

19   Petitioner has not cited any federal case law to support his arguments to the contrary and
20   has failed to demonstrate to the Court that there is clearly established federal law in support of
21   his ground for relief. Absent such clearly established federal law, as laid out by the Supreme
22   Court, this Court cannot conclude that the state court's ruling was either contrary to or an
23   unreasonable application of Supreme Court precedent. *See* 28 U.S.C. § 2254(d); *Farr v. Ryan,*
24

2018 WL 4925702, at *11 (D. Ariz. June 6, 2018), *report and recommendation adopted,* 2018 WL 4923929 (D. Ariz. Oct. 10, 2018) (finding claim challenging venue in violation of Arizona state law rules of criminal procedure was not cognizable on federal habeas review); *Morales v. Ocegueda*, 2013 WL 6050476, at *15 (C.D. Cal. Nov. 13, 2013) (petitioner's claim that he should have been tried in another county in violation of California state law did not constitute a cognizable federal habeas claim).

Accordingly, the Court concludes that petitioner is not entitled to federal habeas relief on his sole ground for relief and the undersigned recommends denying the petition.

## EVIDENTIARY HEARING

The decision to hold a hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Landrigan*, 550 U.S. at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011). A hearing is not required if the allegations would not entitle petitioner to relief under 28 U.S.C. § 2254(d). *Landrigan,* 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*; *see also Cullen,* 131 S. Ct. 1388 (2011). "[A]n evidentiary hearing is not required on issues that can be resolved by reference to the state court record. *See Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998).

Petitioner's habeas claim raises only questions of law and may be resolved by a review of the existing state court record. Therefore, the Court finds it unnecessary to hold an evidentiary hearing.

## CERTIFICATE OF APPEALABILITY

Petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only if petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Pursuant to this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

## CONCLUSION

For the above stated reasons, the Court recommends denying the petition and that petitioner is not entitled to a certificate of appealability.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

Case 3:20-cv-05898-JCC    Document 9    Filed 12/15/20    Page 8 of 8

imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on January 8, 2021, as noted in the caption.

Dated this 15th day of December, 2020.

_J. Richard Creatura_
J. Richard Creatura
United States Magistrate Judge