THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD JACK HARDY,<br><br>              Petitioner,<br><br>      v.<br><br>RON HAYNES,<br><br>              Respondent. | CASE NO. C20-5898-JCC<br><br>ORDER |

This matter comes before the Court on Petitioner Richard Jack Hardy's motion for an extension of time (Dkt. No. 12) to file objections to the Report and Recommendation (Dkt. No. 9). Having thoroughly considered the motion and the relevant record, the Court hereby GRANTS in part the motion for the reasons explained herein.

I.  **BACKGROUND**

Mr. Hardy filed this 28 U.S.C. § 2254 petition seeking relief from his state court convictions. (Dkt. No. 3.) In December 2020, Magistrate Judge J. Richard Creatura recommended the Court deny the petition for failure to state a claim upon which relief may be granted. (Dkt. No. 9.) Mr. Hardy did not file objections, and the Court adopted the R&R, denied the habeas petition, and entered judgment on January 14, 2021. (Dkt. Nos. 10, 11.)

Mr. Hardy now moves for a 90-day extension of time to file his objections. (Dkt. No. 12.) He explains that because of the COVID-19 pandemic, lockdowns have been in place since early

1  December 2020 at Stafford Creek Corrections Center where he is incarcerated. (*Id.* at 1.) The
2  Stafford Creek Law Library has been closed, and Mr. Hardy has been moved around the facility
3  without access to his legal materials because he contracted COVID-19 and got very sick. (*Id.* at
4  1–2.) Without access to the Law Library or legal materials, he has been unable to prepare or file
5  objections. (*Id.*)

6  **I.   DISCUSSION**

7  Because Mr. Hardy's motion was filed after the Court denied his petition and entered
8  judgment, the Court liberally construes the motion as a motion for relief from judgment under
9  Federal Rule of Civil Procedure 60(b). *See Harvest v. Castro*, 531 F.3d 737, 745–46 (9th
10 Cir.2008) ("Nomenclature is not important. The label or description that a party puts on its
11 motion does not control whether the party should be granted or denied relief."); *Borallo v. Reyes*,
12 763 F.2d 1098, 1101 ("Since 'nomenclature is not controlling,' a court must construe whether a
13 motion, however styled, is appropriate for the relief requested.") (citation omitted).

14 Rule 60(b) provides for relief from judgment upon a showing of (1) mistake,
15 inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due
16 diligence could not have been discovered before the court's decision; (3) fraud by the adverse
17 party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason
18 justifying relief. "To receive relief under Rule 60(b)(6), a party must demonstrate 'extraordinary
19 circumstances which prevented or rendered him unable to prosecute his case.'" *Lal v. California*,
20 610 F.3d 518, 524 (9th Cir. 2010) (quoting *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168
21 (9th Cir. 2002)).

22 Having reviewed the record, the Court finds that Mr. Hardy is entitled to relief under
23 Rule 60(b)(6). Mr. Hardy has demonstrated that he was unable to file objections to the Report
24 and Recommendation due to extraordinary circumstances beyond his control. Accordingly, the
25 Court GRANTS in part Mr. Hardy's motion (Dkt. No. 12). Specifically, the Court will vacate its
26 prior order and judgment denying Mr. Hardy's habeas petition (Dkt. Nos. 10, 11) and give Mr.

Hardy an opportunity to file objections to the Report and Recommendation. However, the Court cannot find on this record that 90 days to file objections is warranted. The Court will give Mr. Hardy 60 days from the date of this order to file objections.

## II.   CONCLUSION

For the foregoing reasons, the Court GRANTS Mr. Hardy's motion (Dkt. No. 12); VACATES the Court's prior order and judgment denying the petition (Dkt. Nos. 10, 11); and DIRECTS the Clerk to reopen this case. **Mr. Hardy must file his objections to the Report and Recommendation (Dkt. No. 9) on or before May 28, 2021. If the Stafford Creek Law Library does not open by April 30, 2021, Mr. Hardy may file another motion for an extension of time to file his objections.**

DATED this 29th day of March 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE